DICK TEMPLE et al., Plaintiffs-Appellees, v. BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 94, Cook County, Defendant-Appellant.

First District (2nd Division)   No. 1—88—1577

Opinion filed December 12, 1989.

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.

Thomas A. Morris and Scott E. Nemanich, both of Brydges, Riseborough, Morris, Franke & Miller, of Chicago, for appellant.

Lawrence Jay Weiner and Joan M. Eagle, both of Schwartz & Freeman, of Chicago, for appellees.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Defendant Board of Education of School District No. 94 (the Board) appeals from a judgment of the circuit court directing it to reinstate, with back pay, and pay damages to plaintiff, Mark Starkovich. The other plaintiffs are not involved in this appeal.

The defendant's principal arguments on appeal are that: (1) the judgment of the circuit court, finding that the defendant wrongfully discharged the plaintiff, is contrary to the manifest weight of the evidence; and (2) the circuit court erroneously found that the plaintiff was discharged in retaliation for exercising his constitutional right of association.

The essential facts of the instant case are not in dispute. The plaintiff was a tenured teacher working for the defendant Board. At the conclusion of the 1983-84 school term, the Board instituted a reduction in force (RIF) and honorably dismissed the plaintiff, two other tenured teachers, and five nontenured teachers pursuant to the Illinois School Code (Ill. Rev. Stat. 1983, ch. 122, par. 24—12). The Board cited economic necessity as its reason for the RIF, due to the declining student enrollment it had been experiencing for approximately 20 years. The three tenured teachers dismissed by the Board had from 16 to 21 years' experience with District 94. Prior to the RIF at issue, no tenured teacher had been honorably dismissed by the Board.

The three tenured teachers brought suit against the Board, seeking a declaratory judgment that the Board acted arbitrarily and unreasonably in dismissing the plaintiffs by basing such dismissals upon an economic necessity that did not exist. The plaintiffs also sought a declaratory judgment that they were dismissed by the Board in retaliation for their participation in the unionization efforts that had been taking place at their school during the 1983-84 school term.

The trial court found that "there is no credible evidence in the record that an economic necessity existed" and that the Board's action in dismissing the plaintiffs was "arbitrary and unreasonable." The court ordered the Board to reinstate the plaintiffs with back pay. It further found that the plaintiffs were discharged in retaliation for exercise of their constitutional rights and awarded the plaintiffs damages. Subsequent to filing the notice of appeal, counsel for defendant admitted that it erroneously terminated two of the three plaintiffs due to the fact that they had tenure status senior to some of the tenured faculty retained by the Board. All matters as to these two plaintiffs were settled, leaving the award of damages and reinstatement as

to plaintiff Starkovich the only subject of this appeal.

## I

On appeal, the Board argues that the trial court erroneously determined that no economic necessity existed at the time the plaintiff was dismissed and, consequently, the trial court erred when it found that the dismissal decision was arbitrary and unreasonable.

■ The legislature has placed the administration of schools within the domain of the school board. A school board is given wide discretion to exercise its powers, and courts will not interfere with the exercise of the board's powers or substitute their discretion for that of the school board unless the board's action is palpably arbitrary, unreasonable or capricious. (*Tyska v. Board of Education of Township High School District 214* (1983), 117 Ill. App. 3d 917, 922, 453 N.E.2d 1344, *appeal denied* (1983), 96 Ill. 2d 566.) The plaintiff does not deny that the Board has the statutory power, and indeed the statutory duty, to prudently manage the fiscal affairs of its district. However, Starkovich alleges that his dismissal was based upon a claim of economic necessity which did not exist. Thus, Starkovich argues, the defendant's decision to dismiss him because of economic necessity was palpably arbitrary and capricious. The trial court examined the evidence and agreed that no economic necessity existed. Upon review of the record, we affirm the trial court's holding.

The Board minutes, taken at the meetings where the dismissal decision was made, revealed no substantive or documentary evidence to support a claim of economic necessity. The Board alleged that declining student enrollment largely contributed to the economic necessity. However, the student enrollment, instead of declining, actually increased slightly from 1983-84, and from 1984-85. Further, at the time the Board dismissed Starkovich, the district was employing two extra full-time administrative personnel. If student enrollment actually were declining, the amount of administrative personnel needed would also necessarily decrease. Additionally, the three tenured teachers honorably dismissed by the Board were not the three teachers with the least amount of tenure. If the Board actually were dismissing faculty members because of economic necessity, the extra administrative personnel and the teachers with the least amount of seniority would have been the logical choices.

Moreover, Starkovich presented expert testimony at trial to support his contention that there was no economic necessity. Harry Van Houdnos, of the Illinois Education Association, testified that the district's financial condition from 1983-85 was "progressively enhancing"

and that the district, at the time of plaintiff's dismissal, was in "excellent fiscal condition." The district was without debt for three years at the time of the dismissal. In fact, in 1985, the district experienced a 5% decrease in requested tax revenue. Mr. Van Houdnos further testified that the district had continued to accumulate additional surpluses. This testimony remained unrebutted by the Board.

■ Although great deference should be afforded a school board's action taken within the realm of its enumerated powers, the defendant Board did not present any credible evidence to convince this court that an economic necessity existed at the time it dismissed the plaintiff. The hiring of additional administrative personnel, while three tenured teachers are reduced in force, then confessing that the two co-plaintiffs were indeed wrongfully dismissed, supports the conclusion that the Board's conduct was arbitrary and capricious. The selective dismissal of the three tenured teachers under the circumstances of this case warrants reversal of the Board's action. Accordingly, we affirm the trial court's determination that Starkovich's dismissal was "arbitrary and unreasonable."

## II

The Board also argues that the trial court erred when it found that Starkovich was discharged in retaliation for exercising his constitutional rights of association. Starkovich contends that the trial court properly found that the Board discharged him because of his involvement in the union organization campaign and utilized its claim of economic necessity as a subterfuge for the retaliatory action.

■ The trial court relied upon *Mt. Healthy City School District Board of Education v. Doyle* (1977), 429 U.S. 274, 50 L. Ed. 2d 471, 97 S. Ct. 568, to delineate the procedural shifting of burdens of proof in cases where it is alleged that a constitutionally protected activity is invaded under the guise of a legitimate reason for dismissal. In *Mt. Healthy*, an untenured teacher asserted that he was impermissibly not rehired by the school board because he exercised his first amendment rights. The board countered that the incident involving the exercise of his first amendment rights was one, among many, of the reasons for its decision not to rehire the plaintiff. Because both parties alleged different reasons for the board's action and one of those reasons involved exercise of a constitutionally protected freedom, the Supreme Court enunciated the following test:

> "Initially, in this case, the burden was properly placed upon respondent to show that his conduct was constitutionally protected, and that this conduct was a 'substantial factor'—or, to

put it in other words, that it was a 'motivating factor' in the Board's decision not to rehire him. Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct." (429 U.S. at 287, 50 L. Ed. 2d at 484, 97 S. Ct. at 576.)

The trial court in the case at bar properly invoked the *Mt. Healthy* procedural device by placing the initial burden on the plaintiff to prove that: (1) he was involved in a constitutionally protected activity; and (2) that this activity was a "substantial" or "motivating" factor in the board's decision to dismiss him.

■ The plaintiff is required to make a threshold showing that the constitutionally protected activity was a motivating factor in the adverse decision. (*Village of Arlington Heights v. Metropolitan Housing Development Corp.* (1977), 429 U.S. 252, 270-71 & n.21, 50 L. Ed. 2d 450, 468 & n.21, 97 S. Ct. 555, 566 & n.21.) The trial court found that the plaintiff in the instant case made the required threshold showing. We agree.

■ Prior to plaintiff's dismissal, the Board had never dismissed a tenured teacher. Starkovich established that he was 12 out of 23 tenured teachers on the seniority list. The other two coplaintiffs were also dismissed by the Board even though they were admittedly senior to tenured teachers retained by the Board. In addition to being senior to the teachers retained by the Board, Starkovich and the two coplaintiffs were involved in union activities prior to their dismissals. Starkovich was the president of the Komarek Faculty Association and one of the leaders in the unionization campaign. His dismissal came within two months of open efforts to organize the Komarek faculty into the Illinois Education Association. The Board failed to respond to a request by the Komarek Faculty Association for voluntary recognition, and one of the Board members even stated that he did not want to be on the Board if the faculty unionized. This evidence, taken together, more than sufficiently supports the trial court's finding that Starkovich carried his burden of proof. The trial court properly found that Starkovich made the threshold showing that his protected union activities were a motivating factor in the Board's decision to dismiss him.

Under *Mt. Healthy, supra,* once the plaintiff has carried his burden of proof, the burden shifts to the Board to establish, by a preponderance of the evidence, that the decision to dismiss would have been

made even in the absence of his constitutionally protected activities. Here, the Board asserted that Starkovich was not dismissed because of his union activities but because of economic necessity. The Board failed to present any credible evidence that an economic necessity existed, while Starkovich's proof established that an economic necessity did not exist. The Board was unable to carry its burden of proving, by a preponderance of the evidence, that the decision to dismiss Starkovich would have been made even in the absence of his union activities. It is therefore reasonable to conclude that the Board's reliance upon economic necessity was indeed a subterfuge used to dismiss three tenured teachers for exercising a constitutionally protected right.

In summary, the Board's order to dismiss Starkovich was palpably erroneous and unreasonable because no economic necessity existed. In addition, the trial court properly found that Starkovich was dismissed in retaliation for exercising his constitutional rights.

Accordingly, the judgment of the circuit court of Cook County ordering plaintiff's reinstatement, with back pay, and damages for retaliatory discharge is affirmed.

Affirmed.

HARTMAN and DiVITO, JJ., concur.